NOT DESIGNATED FOR PUBLICATION

No. 117,174

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN BAKER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed October 6, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

LEBEN, J.:  John Baker appeals the district court's decision to revoke his probation and send him to prison after he violated his probation. He argues that because his underlying problems were related to drug addiction, the court should have given him another chance on probation so that he could receive treatment. By sending him instead to prison, Baker argues that the district court abused its discretion.

Traditionally the district court has had broad discretion in deciding whether to revoke probation and impose the underlying prison sentence when a defendant violates probation. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008); *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2010). That discretion is now limited in felony cases so that, in most situations, the court must first impose an intermediate sanction,

such as a two- or three-day jail stay, for the first probation violation. But there's an exception if the defendant has committed a new crime; in that case, the court has the discretion to revoke probation without first imposing an intermediate sanction. See K.S.A. 2016 Supp. 22-3716(b) and (c).

That exception applied in Baker's case. While he was on probation for several prior offenses (one, aggravated failure to appear, a felony offense), Baker committed the new crimes of misdemeanor theft and misdemeanor interference with a law-enforcement officer. He pled guilty to the new offenses, and at a combined hearing in all cases, the district court sentenced him to jail on the new offenses and revoked his probation in the earlier cases.

A court abuses its discretion only when its decision is based on a factual or legal error or when no reasonable person would agree with the decision. *State v. McCullough*, 293 Kan. 970, 980-81, 270 P.3d 1142 (2012); *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006). Baker hasn't suggested a factual or legal error, and we conclude that a reasonable person could agree with the district court's decision. As the district court noted, Baker had failed to report on his probations, thus preventing probation staff from helping provide services and treatment to him. And while on probation, he committed new crimes. Those facts provided a reasonable basis for the district court's decision.

On Baker's motion, we accepted this appeal for summary disposition under K.S.A. 2016 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). We have reviewed the record that was available to the sentencing court, and we find no error in its decision to revoke Baker's probation.

We affirm the district court's judgment.